IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-18-230-C |
| | ) | |
| JORGE CRUZ DIAZ, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion pursuant to Fed. R. Crim. P. 41(g) for a return of property. Because Defendant currently has an appeal pending before the Tenth Circuit, the Court must first determine if it has jurisdiction to consider the present Motion.

As a general rule, a Notice of Appeal divests the Court of jurisdiction to consider any further issues. An exception exists for matters that are collateral to the issues on appeal. See Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998). "A matter is collateral if it involves different claims against different parties than those claims and parties in a matter pending appellate review." Pueblo of Pojoaque v. N.M., 214 F. Supp. 3d 1028, 1066 (D.N.M. 2016), aff'd, 863 F.3d 1226 (10th Cir. 2017). Here, the Court finds this exception applicable. The issues presented by Defendant's Motion for Return of Property will not create uncertainty in the issues before the appellate court. Nor does the Court's consideration of Defendant's request for return of his property rely on any portion of his conviction, judgment, or sentence. Thus, the Court determines it has jurisdiction to

consider Defendant's Motions.  Plaintiff shall respond to the Motion for Return of Property within 21 days of the date of this Order.  See LCrR 47.1(b).

For the reasons set forth herein, the Court finds it has jurisdiction to consider the pending Motion for Return of Property (Dkt. No. 60).  Plaintiff shall respond to this Motion within 21 days of the date of this Order.

IT IS SO ORDERED this 18th day of April, 2019.

ROBIN J. CAUTHRON
United States District Judge